# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN AVINGER,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 18-02266-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On October 23, 2018, Marvin Avinger ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on February 6, 2019. (Dkt. 16.) On July 3, 2019, the parties filed a Joint Stipulation ("JS"). (Dkt. 23.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this case remanded for further proceedings in accordance with this Memorandum Opinion and Order and law.

## BACKGROUND

Plaintiff is a 56 year-old male who applied for Supplemental Security Income benefits on December 11, 2014, alleging disability beginning February 1, 2006. (AR 13.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 11, 2014, the application date. (AR 15.)

Plaintiff's claim was denied initially on May 4, 2015, and on reconsideration on August 7, 2015. (AR 13.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Robert Lenzini on August 14, 2017, in San Bernardino, California. (AR 13.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 13.) Plaintiff's case worker, Paul Terrazas, also appeared and testified at the hearing. (AR 13.) Vocational expert ("VE") Carmen Roma appeared telephonically at the hearing. (AR 13.)

The ALJ issued an unfavorable decision on December 6, 2017. (AR 13-26.) The Appeals Council denied review on August 24, 2018. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ carried the Administrations' burden at step 5.
2. Whether the ALJ properly evaluated Plaintiff's cane testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001).  Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 11, 2014, the application date.  (AR 15.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: post right kidney surgery, degenerative joint disease of the bilateral knees, degenerative changes of the right ankle and foot, asthma, and obesity.  (AR 15-18.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 18.)

The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 CFR § 416.967(b) with the following limitations:

> Claimant can lift/carry 20 pounds occasionally, 10 pounds frequently; only occasional climbing of ramps and stairs; no climbing of ladders, ropes or scaffolds; occasionally balance, stoop and crouch; no kneeling or crawling; avoid concentrated exposure to extreme cold; avoid concentrated exposure to vibration; avoid concentrated exposure to hazards; avoid concentrated exposure to dusts, odors, fumes or pulmonary irritants. Claimant is limited to standing/walking two out of eight hours.

(AR 18-24.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 20.) .

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 24.) The ALJ, however, also found at step five that, considering Claimant's age, education and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of labeler and information clerk. (AR 24-25.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 25-26.)

**DISCUSSION**

The ALJ decision should be reversed. Although the VE's testimony is consistent with the Dictionary of Occupational Titles ("DOT"), the ALJ failed to fully develop the record regarding the inclusion of a cane requirement in Plaintiff's RFC. Consequently, the ALJ's RFC lacks the support of substantial evidence.

## I. THE VE'S TESTIMONY IS CONSISTENT WITH THE DOT

At step five of the sequential process, the ALJ determined that Plaintiff can perform work in the national economy, specifically the occupations of labeler (DOT 920.687-126) and information clerk (DOT 237.367-018). (AR 25.) Plaintiff contends that these occupations cannot be performed within the ALJ's light work RFC with a limitation of standing and walking for two out of eight hours. (AR 19.) (This argument assumes the validity of the ALJ's RFC.) The Court disagrees with Plaintiff's contention.

### A. Relevant Federal Law

The Commissioner bears the burden at step five of the sequential process to prove that Plaintiff can perform other work in the national economy, given his RFC, age, education, and work experience. 20 C.F.R. § 416-912(g); Silveira v. Apfel, 204 F.3d 1257, 1261 n.14 (9th Cir. 2000). ALJs routinely rely on the DOT "in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). The DOT raises a presumption as to job classification requirements. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1998). An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing SSR 00-4p ("the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert] evidence and information provided in the [Dictionary of Occupational Titles]")). In order to accept vocational expert testimony that contradicts the DOT, "the record must contain 'persuasive evidence to support the deviation.'" Pinto, 249 F.3d at 846 (quoting Johnson, 60 F.3d at 1435). The ALJ must obtain a reasonable explanation for the variance and then must decide whether to rely on the VE or the DOT. See Pinto, 249 F.3d at 847. Failure to do so, however, can be harmless error where there is no actual conflict or the VE provides sufficient support to justify any conflicts with or variation from the DOT. Massachi, 486 F.3d at 1154 n.19.

**B.   Analysis**

The ALJ determined that Plaintiff has the medically determinable severe impairments of post right kidney surgery, degenerative joint disease of the bilateral knees, degenerative changes of the right ankle and foot, asthma, and obesity. (AR 15.) He has been recommended for knee surgery. (AR 19, 22.) He alleges he has braces on his legs and takes medication to help him walk. (AR 19.) He says his legs give out sometimes, and he always uses a prescribed cane. (AR 19.) He alleges he is unable to stand more than two hours, even using his cane. (AR 19.) He says without a cane he loses his balance and falls. (AR 19.) He takes pain medications for throbbing pain in his knees. (AR 19.)

The ALJ assessed an RFC for a reduced range of light work "limited to standing/walking two out of eight hours." (AR 19.) At the hearing, the ALJ's hypothetical to the VE asked whether there would be work in the national economy with the ALJ's RFC limitations. (AR 66-70.) The VE identified two light unskilled occupations, labeler and information clerk, that Plaintiff can perform. (AR 25.) Each of these occupations was eroded by 50% because of the limitation to standing and walking two hours. (AR 69.) There would be 10,000 labeler jobs nationally and 15,000 information clerk jobs nationally. (AR 25, 69.) These jobs are a significant number of jobs. Gutierrez v. Comm'r of Soc. Sec. Admin., 740 F.3d 519, 529 (9th Cir. 2014) (25,000 jobs is significant).

Plaintiff contends that the VE's testimony erroneously deviates from the DOT because the labeler occupation is a light work job that requires standing more than two hours (DOT 920.687-126). See SSR 83-10 (defining the full range of light work as standing 6 hours). Plaintiff also contends that the information clerk job is performed in a primarily seated or sedentary manner. At a sedentary range of work, Plaintiff as a person approaching advanced age (AR 24) would be entitled to disability pursuant to Grid Rule 201.14. (AR 70.) 20 C.F.R. Pt. 404, Subpt P, App. 2, Rule 201.14.

Plaintiff's contentions rely in part on vocational data (O*NET) not from the DOT. This data was not presented to the ALJ. The Ninth Circuit in Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2017) recently ruled, "We now hold that when a claimant fails entirely to

7

challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal, at least when that claimant is represented by claimant." Shaibi, moreover, made clear that SSR 00-4p, requiring ALJs to resolve apparent vocational conflicts, applies only to the DOT and its companion publication, the Selected Characteristics of Occupations ("SCO"). Shaibi, 883 F.3d at 1109-10 n.6. Plaintiff, however, argues that the VE's testimony conflicts with the DOT, even if the O*NET evidence is disregarded.

Plaintiff's contention that the two hour limitation on standing and walking renders the labeler and information clerk occupations sedentary is belied by authority cited by Plaintiff. In Distasio v. Shalala, 47 F.3d 348 (9th Cir. 1995), the Ninth Circuit observed:

> We are aware that the Dictionary of Occupational Titles classifies work as either "light" or "sedentary" . . . . But vocational experts can testify whether particular applicants for disability benefits would be able to perform subcategories of jobs within the DOT. The Secretary did not refine her categorization of jobs Distasio could perform through the testimony of her vocational expert to something along the lines of "light-minus" or "sedentary-plus."

Id. at 349-50. The Secretary in Distasio produced no evidence that any job categorized as light was available. Here, by contrast, the VE reduced the light work labeler and information jobs by 50%, in effect characterizing them as "light-minus." The ALJ was entitled to rely on the VE's categorization of these jobs and did not need to inquire sua sponte into the foundation for the expert's opinion. Shaibi, 883 F.3d at 1110; Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required.")

The ALJ did not inquire of the VE whether her testimony was consistent with the DOT, but the failure to do so is harmless error where there is no actual conflict or the VE provides sufficient support to justify any conflicts or variation from the DOT. Massachi, 486 F.3d at 1154 n.19. Here, the VE reduced the number of labeler and information clerks jobs by 50%. (AR

25.) Thus, there was no conflict. The ALJ properly concluded that the VE's testimony was consistent with the DOT. (AR 25.)

Plaintiff makes the additional argument that he needs a cane and that a cane would preclude the labeler job, according to the VE. (AR 72-74.) Plaintiff contends that the only job left would be the information clerk occupation with 15,000 jobs. (AR 25.) Plaintiff alleges that 15,000 jobs would not be a sufficient number of jobs. Plaintiff's argument fails because, simply put, the ALJ did not include use of a cane in Plaintiff's RFC. (AR 18-19.)

The ALJ's step five determination that Plaintiff can perform jobs that exist in significant numbers in the national economy, including labeler and information clerk, is based on substantial evidence, assuming the validity of the RFC.

## II. THE ALJ FAILED TO FULLY DEVELOP THE RECORD

The ALJ, however, failed to fully develop the record on whether a cane requirement should have been included in the ALJ's RFC for Plaintiff. As a result, the ALJ's RFC lacks the support of substantial evidence.

The ALJ in a Social Security case has "an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct a proper inquiry. Id.

Here, there is medical evidence and subjective symptom testimony that appears to support inclusion of a cane requirement in Plaintiff's RFC. The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

### A. The Medical Evidence

As to the medical evidence, an X-ray of the bilateral knees on March 17, 2015, revealed severe degenerative joint disease "with complete obliteration of the medial joint spaces bilaterally." (AR 21, 385.) X-rays on that same date revealed moderate degenerative changes involving the ankle joints bilaterally, and severe degenerative changes in the mid foot and subtalar joints bilaterally. (AR 21, 385.) On October 6, 2015, Plaintiff reported a fall and sought a cane for instability and for pain when walking. (AR 423.) Plaintiff's examiner ordered a walking cane and medial unloading knee braces on that same day: "Will order walking cane and medial unloading braces . . . . Recent falls with severe bilateral knee OA, please provide patient with walking cane." (AR 21, 424.) Numerous physician treatment notes record that Plaintiff uses a cane for ambulation. (AR 548 (June 30, 2016); 539 (July 29, 2016); 519 (September 6, 2016); 516 (October 21, 2016); 513 (January 6, 2017).) At Plaintiff's orthopedic evaluation in January, 2017, Dr. Anderson indicated that conservative treatment had been exhausted and recommended total knee arthroplasty. (AR 514.)

As an earlier consulting examination rejected by the ALJ (AR 23) contradicts the examiner's findings, the ALJ must provide specific, legitimate reasons supported by substantial evidence to disregard the examiner's prescription of a cane. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ appears to have discounted Plaintiff's knee condition, citing the October 6, 2015 treatment note that states, "Controlled somewhat on Norco plus Lidocaine patch." (AR 21, 424.) Yet this was the same note in which the examiner ordered a walking cane and medial unloading knee braces. (AR 24, 424.) The cane and braces were needed for instability and to avoid falling as well as for pain. The examiner obviously did not see medication relief and a cane as mutually exclusive. In fact, the examiner ordered that Plaintiff should continue pain medication <u>and</u> receive braces and a walking cane. (AR 424.) The fact Plaintiff received some relief from medication does not negate the need for a cane also. No physician after October 2015 said a cane was unnecessary. The ALJ cited normal musculosketal findings in October 2015 (AR 21), but in the same treatment note the examiner ordered continuance of pain medication, a cane, and a brace. (AR 423, 424.)

The Commissioner also cites medication relief in November 2015 (AR 427), but this was after the cane already had been ordered in October 2015 and hardly means the cane was not necessary. The record is clear, moreover, that Plaintiff was using a cane for ambulation. The Commissioner indicates that Plaintiff reported in October 2016 that braces were providing relief, but this does not mean a cane was not necessary, too, as both were ordered in October 2015. (AR 424.) In any event, Plaintiff reported in January 2017 that, while the braces were helping, the pain was getting worse. (AR 514.) The Commissioner also notes Plaintiff reported not being ready for surgery, but that decision does not mean Plaintiff does not need and is not using a cane to ambulate until he proceeds with surgery.

The record evidence indicates that Plaintiff was prescribed a cane and used it to ambulate after October 2015. (AR 424.) His bilateral knee and ankle impairments are not in dispute. Those impairments are so severe that conservative treatment has been exhausted and surgery is necessary. (AR 513.) The ALJ does not state or explain why medication and braces would preclude the need for a cane, which was prescribed. The ALJ does not directly address the merits of whether a cane requirement should be included in Plaintiff's RFC. All the ALJ says is that the RFC "encompasses the positive objective findings of the medical records." (AR 21.) Plainly, this assertion is untrue in view of the evidence that a cane was prescribed. The ALJ failed to provide specific, legitimate reasons supported by substantial evidence for rejecting the examiner's prescription of a cane.

The ALJ also did not have the benefit of a consulting orthopedic examination setting forth an RFC after October 2015. Nor did the ALJ retain a medical expert to testify at the hearing. At the least, the record is ambiguous on whether a cane was necessary and should have been included in Plaintiff's RFC. As already noted, the ALJ failed to fully develop the record on Plaintiff's need for a cane. Consequently, the ALJ's RFC lacks the support of substantial evidence.

**B.    Plaintiff's Subjective Symptom Allegations**

The ALJ also must consider Plaintiff's subjective symptom allegations in formulating his RFC. Robbins, 446 F.3d at 883. Plaintiff sought a cane for both instability and pain with

walking because he had been falling. (AR 423.) He alleges his legs give out on him sometimes and he always uses a prescribed cane. (AR 19.) He alleges he is unable to stand more than two hours, even while using his cane. (AR 19.) He alleges that without a cane he would likely lose his balance and has fallen many times over a year. (AR 19.)

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause Plaintiff's alleged symptoms. (AR 20.) The ALJ, however, discounted Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms as "not entirely consistent" with the medical evidence and other evidence of record. (AR 20.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ failed to do so.

The ALJ vaguely found that the objective medical evidence supports the assessed RFC. (AR 20.) An ALJ is permitted to consider whether there is a lack of evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's subjective symptom allegations. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, however, a cane was prescribed in October 2015 both for instability and pain when walking. (AR 423-424.) The prescription of a cane is objective medical evidence supporting Plaintiff's subjective symptom allegations. The ALJ's references to medication and braces do not adequately explain why those measures would render a cane unnecessary. The ALJ failed to provide specific, legitimate reasons supported by substantial evidence for rejecting a cane requirement. The ALJ also failed to proffer clear and convincing reasons for rejecting a cane requirement.

There also is no consulting orthopedic report assessing an RFC for Plaintiff after October 2015. No medical expert appeared at the hearing. As already noted, the medical evidence is at least ambiguous on whether a cane should have been included in Plaintiff's RFC. The ALJ failed to fully develop the record regarding a cane requirement in the RFC.

The Commissioner states that there is nothing in the ALJ's RFC finding that would preclude Plaintiff from using a cane. This assertion misses the point. There is medical evidence and subjective symptom testimony that using a cane is necessary and appropriate. (AR 423-424.) If a cane is included in the RFC, the labeler job would be precluded. Only the information clerk with 15,000 jobs would be left. (AR 72-74.) The evidence, both medical and subjective, is at least ambiguous on whether a cane should be included in Plaintiff's RFC.

\* \* \*

The ALJ did not fully develop the record in regard to whether a cane requirement should be included in Plaintiff's RFC. As a result, the ALJ's RFC lacks the support of substantial evidence. Accordingly, the ALJ decision is reversed and remanded for further proceedings.

///
///
///

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

DATED: December 17, 2019                  */s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE